UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.    CASE NO. 8:22-cr-407-SDM-JSS

JEWELL JORDAN
_____/

**ORDER**

Jewell Jordan pleads guilty (Doc. 266) to count one of the superseding indictment, which charges Jordan with conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. According to the statement of facts in the plea agreement, from December 2017 through January 2019, Jordan and others conspired with an employee of the Higher Education Institution (HEI), an accredited academic institution, to cause HEI to issue to Jordan and others fraudulent checks purportedly backed by the "sponsorship accounts" of students enrolled at HEI. Jordan received six fraudulent checks, which she cashed or deposited for a total of $31,545.87. Jordan awaits sentencing on September 14, 2023.

A July 24, 2023 order (Doc. 290) grants the United States' motion for forfeiture of $31,545.87, the money Jordan personally obtained from the conspiracy. Because Jordan transferred the money to third parties, the forfeiture order recognizes that under 21 U.S.C. § 853(p) the United States may pursue forfeiture of "any" of Jordan's property as a substitute asset to satisfy the forfeiture balance.

Under the plea agreement (Doc. 265), Jordan agrees to forfeit "any" of her property to satisfy the forfeiture balance and agrees not to oppose any motion to forfeit substitute assets under 21 U.S.C. § 853(p), which states that if the United States cannot locate the forfeited property after diligent search, "the court shall order the forfeiture of any other property of the defendant . . . ."  Because Jordan has not paid any of the forfeiture balance, the United States moves (Doc. 301) under Section 853(p) for a preliminary order forfeiting Jordan's residence as a substitute asset.  The United States will apply to Jordan's forfeiture balance the proceeds from the sale of the residence.  According to the motion, the property is titled under Jordan's name only and Jordan acquired the property before marrying her husband, Henry Jordan, who is not a defendant.  According to the records of the Hillsborough County Property Appraiser, Johnston acquired the property before the conspiracy began and the property qualifies in Florida for homestead protection.

A reader might question (1) whether the United States can forfeit as substitute property a residence not traceable to the proceeds of an offense of conviction, (2) whether the United States can forfeit a residence that qualifies for homestead protection under Florida law, and (3) whether the United States can forfeit property in which an innocent spouse might claim an interest.  But *United States v. Fleet*, 498 F.3d 1225 (11th Cir. 2007), answers each of these questions in the affirmative.

In *Fleet*, the defendant was convicted of defrauding investors of $11 million and the trial court ordered forfeiture of $295,000 in favor of the United States.  Because the defendant had transferred the money to third parties, the United States pursued

substitute forfeiture of the defendant's three automobiles and the defendant's residence, which he owned jointly with his wife in tenancy-by-the-entireties and which "was not involved in or traceable to money laundering." Over the defendant's opposition, the trial court granted the motion and forfeited as a substitute asset the defendant's automobiles and the defendant's "indivisible one-half interest" in the residence.

On appeal, the defendant argued that Section 853(p), the substitute forfeiture provision, contained no language suggesting that Congress intended to pre-empt the state-law protections for homestead property and for property held in tenancy-by-the-entireties. *Fleet* concludes that Congress pre-empted any state law protection of property, including the homestead protection and the protection of tenancy-by-the-entireties, by specifying that "any" of a defendant's property is subject to substitute forfeiture. *Fleet*, 498 F.3d at 1229. Studying Section 853(p), *Fleet* reasons:

> The noun category that follows the word "any" here is "property," and Congress did not say that some or most substitute property could be forfeited, but instead said that "any" of it could be, up to the value of the missing assets that were used to facilitate, or were derived from, the crime. There is no stated exception for homestead or entireties property. If it had meant to do so, Congress could have excluded those types of property by name or said "except for property protected from forfeiture under state law."
>
> . . . .
>
> Our construction of § 853(p) is reinforced by § 853(o), which mandates that "[t]he provisions of this section shall be liberally construed to effectuate its remedial purposes." The remedial purpose of § 853 is to enforce "the old adage that crime does not pay." *United States v. Monsanto*, 491 U.S. 600, 614, 109 S.Ct. 2657, 2665, 105 L.Ed.2d 512 (1989) (quotation marks omitted); . . . That remedial purpose would be undermined if we construed § 853(p) in a way that allowed convicted defendants to evade its provisions by retaining their homestead or entireties property.

*Fleet*, 498 F.3d at 1229–1230.  Although forfeiture is initially limited to property traceable to the offense, if a defendant dissipates or conceals this property, Section 853(p) subjects to substitute forfeiture "any" of the defendant's property, including property otherwise protected under state law.

In this action, an order forfeits the $31,545.87 that Jordan personally obtained from the conspiracy.  Because Jordan has dissipated the money and the United States cannot identify or trace the money despite diligent search, Section 853(p) subjects "any" of Jordan's property to substitute forfeiture, including her interest in their homestead property.  Accordingly, the United States' motion for preliminary forfeiture (Doc. 266) of Jordan's residence is **GRANTED**.  Jordan's right, title, and interest in:

> The real property located at 1321 Foxboro Dr, Brandon, Florida 33511, including all improvements thereon and appurtenances thereto, the legal description for which is as follows:
>
> Lot 30, Block 2, of HEATHER LAKES UNIT VIII, according to the map or plat thereof, as recorded in Plat Book 56, Page 55, Public Records of Hillsborough County, Florida,
>
> APN: 2072310-5672

is **CONDEMNED** and **FORFEITED** to the United States for disposition to satisfy Jordan's outstanding forfeiture balance.  Jurisdiction is **RETAINED** to resolve any third-party claim to the property.

ORDERED in Tampa, Florida, on August 10, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE